**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 24-CR-80010-MD**

**UNITED STATES**,

**v.**

**ELAINE ESCOE,**

> **Defendant**.

_____/

**UNITED STATES' RESPONSE IN OPPOSITION**
**TO THE DEFENDANT'S MOTION IN LIMINE**

The Defendant Elaine Escoe filed a Motion in Limine [ECF No. 23].  The purpose of any motion in limine is to give the court "notice of the movant's position" and "streamline the trial process by making advance rulings on evidentiary issues." *E.g., Murillo v. Rancel*, No. 16-24070-CIV, 2017 WL 4564921, at *1 (S.D. Fla. Oct. 11, 2017); *United States v. Young*, No. 1:17-CR-288-SCJ, 2018 WL 8949445, at *3 (N.D. Ga. Apr. 17, 2018).  By contrast, the Defendant's Motion in Limine invites confusion by failing to specify what evidence it seeks to exclude and creates needless briefing by failing to confer with the Government about what the parties can agree.  The Motion in Limine is substantively and procedurally deficient: it does not satisfy the Defendant's high burden for a pretrial ruling and does not provide the Government or the Court with sufficient specificity to adequately respond or rule.   Respectfully, the Motion in Limine should be denied.

**BACKGROUND**

On January 24, 2020, the Defendant filed an online application with Bluevine for a credit line on behalf of the company RBA Global LLC.  The Defendant had apparent but not actual authority over RBA Global LLC.  Shortly before submitting the application, the Defendant had

filed an article of amendment with the Florida Division of Corporations to falsely add herself as an authorized member of RBA Global LLC.

In support of her application for a credit line with Bluevine, the Defendant submitted account statements in the name of RBA Global LLC.  These bank statements were fraudulent.  In fact, the account statements were in the name of the Defendant, and she digitally altered the text to make them appear to be for RBA Global LLC.  The application was denied on January 28, 2020.

On January 18, 2024, the Defendant was charged by indictment with wire fraud, in violation of Title 18, United States Code, Section 1343.  Trial is scheduled to begin on May 20, 2024.  Without conferring with the Government, the Defendant filed the Motion in Limine on April 29, 2024, seeking to exclude any reference to activity that occurred after January 24, 2020.

## **LEGAL STANDARD**

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  "In fairness to the parties and their ability to put on their case, a court should exclude evidence in limine only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez,* 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010).  "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Rodriguez v. GeoVera Specialty Ins. Co.*, 426 F. Supp. 3d 1334, 1339 (S.D. Fla. 2019) (quoting *Gonzalez*, 718 F. Supp. 2d at 1345). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Palmetto 241 LLC v. Scottsdale Ins. Co.*, No. 19-cv-22195-BLOOM/Louis, 2020 WL 2736646, at *1 (S.D. Fla. May 26, 2020); *see also Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007) ("Motions in Limine are disfavored; admissibility questions should be ruled upon as they arise at trial.").

## ARGUMENT

The Defendant moves in limine for an order "precluding the government from commenting on, introducing, or making inferences derived from the IP addresses, surveillance videos at financial institutions, and any transactions from those institutions after January 24, 2020." Motion at 2. In support of this broad exclusion, the Defendant makes one argument: that, in the Defendant's opinion, any activity that occurred after the Defendant submitted her fraudulent application is irrelevant. *See id.* The Defendant does cite any law or authority for this proposition. The Defendant cannot: such an attempt to categorically exclude any activity that postdates the offense contradicts precedent and the Federal Rules of Evidence. In federal trials, events that occur after the date of charged offense can be relevant to a defendant's crime. *See, e.g.*, *United States v. Hurley*, 755 F.2d 788, 790 (11th Cir.1985) ("A subsequent act, as well as a prior act, can be used to show intent under Rule 404(b)."). For example, evidence of flight always occurs after the charged offense. Yet, evidence of flight even many years later has been held to be admissible. *See, e.g.*, *United States v. Blakey*, 960 F.2d 996 (11th Cir. 1992) (holding that evidence of defendant's flight was admissible notwithstanding that flight occurred three years after falsified check was deposited).

The Motion in Limine's perceived irrelevance of anything after January 24, 2020 betrays the Defendant's failure to understand the Government's proof. Here is but one example of highly probative evidence that the Defendant wishes to exclude. The Defendant submitted a fraudulent application on January 24, 2020. Bluevine, however, did not decline the application until January 28, 2020. Bluevine records show that the Defendant accessed this denial letter on January 28, 2020, from an IP address ending in .19. This same IP address was used by the Defendant to access her personal account with USAA both before *and* after the charged offense. This overlapping IP address evidence is relevant because it tends to show that it was the Defendant, and not someone

else, who submitted the fraudulent application and reviewed the declination letter. Such patterns in IP addresses are important to federal investigations and prosecutions, and often used by the Government at trial to prove identity. *See, e.g., United States v. Pemberton*, 479 F. App'x 264, 269 (11th Cir. 2012) (holding that the "strongest evidence supporting the [defendant's] conviction" was the fact that a "Discover card application was submitted from IP address 68.207.194.56, which originated in Elmore County, Alabama, where [the defendant] lived" and the "evidence of [the defendant's] LETS activity log, which showed that an inquiry into the driver's license and Social Security number of [the victim] originated from that same IP address just a short time before the Discover application was submitted"). And, because identity may very well be an issue at this trial, the Government will introduce this and other evidence that shows the Defendant's digital fingerprints all over her charged crime.

In any event, it is the Defendant's burden in a motion in limine to explain why specific evidence is not admissible on any relevant ground. The Defendant has failed to do so, and merely comments without analysis that "there appears to be no relevance." Motion at 2. This conclusion is wrong, both as a matter of fact and law. Yet even were the Defendant's Motion supported by necessary argument, the Government cannot discern what evidence the Defendant specifically seeks to exclude. Evidence from internet service providers includes registration dates and login histories. Is the Defendant requesting that login activity after January 24, 2020 be redacted from the exhibits, or does she wish to exclude that evidence entirely? Bank statements are produced in monthly periods. Again, is the Defendant requesting that transactions be redacted, or must the entire month be excluded? "To be appropriate, motions *in limine* should address specific pieces of evidence that are inadmissible on any relevant ground." *Antoinette Holley (Gauntlett) v. Carnival Corp.*, No. 20-cv-20495, 2021 WL 5299836, at *4 (S.D. Fla. Nov. 15, 2021) (emphasis

and citation omitted). "The court may deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded." *Mowbray v. Carnival Corp.*, No. 08-20931-Civ, 2009 WL 10667070, at *2 (S.D. Fla. Apr. 13, 2009) (citation and quotation marks omitted).

Further, by failing to confer with the Government before filing the Motion in Limine, the Defendant has caused unnecessary briefing about documents or evidence that the Government may have no intention of introducing. That alone is cause for denial. *See Hernandez v. Ticketmaster, LLC*, No. 18-20869-CIV-O'Sullivan, 2018 WL 2198457, at *3 (S.D. Fla. May 14, 2018) ("As set forth in the Local Rule, the purpose of the pre-filing conference is to avoid seeking relief unnecessarily, thereby avoiding waste of effort by the parties and the court."); *United States v. Oladele*, 20-cr-20099-Altonaga (S.D. Fla. Sept. 14, 2021) (denying motion for failure to comply with Local Rule 7.1(a)(3)); *United States v. Daniels*, 23-cr-20431-Altman (S.D. Fla. Jan. 22, 2024) (same). There may have been many pieces of evidence upon which the Government and the Defendant could agree. For example, the Government likely would have agreed not to introduce the documents with Production ID USA_000056–68, videos that appear to be encompassed by the Defendant's Motion.

In this case, the evidence of the Defendant's crime did not immediately end after the Defendant submitted her fraudulent application. And the Government is entitled to introduce such evidence that explains the story of the crime and shows the Defendant's intent, knowledge, and identity. If, at trial, the Defendant wishes to object, she may do so. But the Defendant has not offered sufficient cause in the Motion in Limine to circumscribe the Government's proof and exclude what the Defendant perceives to be irrelevant evidence. The Motion in Limine is *over*broad and *under*argued. Accordingly, the Government requests that it be denied.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY:   /s/ Jonathan Bailyn
      Jonathan R. Bailyn, AUSA
      Court ID No. A5502602
      500 South Australian Ave, 4th Floor
      West Palm Beach, Florida 33401
      Phone: (561) 209-1050
      jonathan.bailyn@usdoj.gov