**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 24-CR-80010-MD**

**UNITED STATES**,

**v.**

**ELAINE ESCOE,**

    **Defendant**.

_____/

**UNITED STATES' RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL AND/OR NEW TRIAL**

The Defendant asks for a new trial in the interest of justice.  ECF No. 55 (the "Motion").  She questions venue, arguing that the crime did not occur in the Southern District of Florida.  She questions the verdict, arguing that there was insufficient evidence of wire fraud.  She questions proof itself, arguing that circumstantial evidence does not count.  She is wrong.  The venue was proper, the evidence was sufficient, and the verdict was sound.  The Motion should be denied.

**BACKGROUND**

The Defendant was charged by indictment with wire fraud in violation of Title 18, United States Code, Section 1343.  The indictment alleges that on or about January 24, 2020, the Defendant submitted or caused to be submitted to Bluevine a fraudulent credit application on behalf of RBA Global LLC ("RBA Global").  ECF No. 1 at 3.  Trial began on May 20, 2024.  The Government proved the following:

The Defendant filed articles of amendment to give her apparent control over RBA Global.  Gov. Ex. 14 & 17.  She handwrote them and the jury could see her signature.  *Compare* Gov Ex. 14 & 17 *with* Gov. Ex. 19 at 2.  On January 8 and 9, 2020, the Defendant scanned these articles at a FedEx in Miami, Florida.  Gov. Ex. 18 at 5.  She paid with her own credit card.  *Id.*  The owner

of RBA Global is Robert Bartol.  Gov. Ex. 24.  He testified that he created RBA Global in 2015 for a book he was writing and that he does not know the Defendant or authorize her to take over his company.   The Defendant emailed the scanned articles of amendment from conciergelyfe@gmail.com.  Gov. Ex. 16 & 17.  The email address conciergelyfe@gmail.com was frequently accessed by an IP address ending in .204.  Gov. Ex. 11 at 1–4.  The IP address ending in .204 was registered to the Defendant's apartment in Sunny Isles Beach, Florida.  Gov. Ex. 14 & 15.

The Defendant's credit card shows her making other purchases in Miami, Florida before and after January 24, 2020.  Gov. Ex. 19 at 5.  On January 24, 2020, a fraudulent application for a credit line was submitted to Bluevine.  Gov. Ex. 9; Gov. Ex. 10 at 5.  The application said RBA Global had $780,000 in revenue and included three bank statements.  Gov. Ex. 5 at 2; Gov. Ex. 6– 8.  The bank statements were fraudulent: they were the Defendant's but the name was changed to RBA Global and the transactions were altered.  *Compare* Ex. 6–8 *with* Gov. Ex. 1–3.  At the time, the Defendant was receiving credit from other companies and was using a debt relief service.  Gov. Ex. 3 at 4–5.

The Bluevine application included the Defendant's personal information.  Gov. Ex. 5.  The contact information was the Defendant's: her phone number and her email address.  Gov. Ex. No. 5 at 3–4; Gov. Ex. 21.  This email address, the email address behind it, and the email address behind that were all the Defendant's.[1]

---

[1] The contact email address, elaine.escoe@gmail.com, is registered to the Defendant.  Gov. Ex. 12.  The phone number for the email address is the Defendant's.  Gov. Ex. 12; Gov. Ex. 21.  The backup email is elaineescoe20@yahoo.com.  Gov. Ex. 12.

The email address elaineescoe20@yahoo.com is registered to the Defendant.  Gov. Ex. 23. The recovery phone number is the Defendant's.  Gov. Ex. 23; Gov. Ex. 21.  The recovery email addresses are elaine.escoe@gmail.com and elaineescoe20@gmail.com.  Gov. Ex. 23.

The application was accessed by an IP address ending in .50 on January 24, 2020, and an IP address ending in .19 on January 28, 2020.  Gov. Ex. 10. at 4–5.  From December 2019 until April 2020, the IP address ending in .19 was used to access the Defendant's personal USAA account.  Gov. Ex. 19.  A cybercrime investigator from the FBI and the Defendant's IP expert testified that the IP address ending in .50 was registered to a company in India around the time of trial.   They testified that registration does not mean location and that an IP address from 2020 cannot be geolocated.

The Defendant moved for a judgment of acquittal.  The Court denied it.  ECF No. 29. The jury returned a guilty verdict on May 22, 2024.  ECF No. 46.

## LEGAL STANDARD

**Venue.**  Venue is proper if "viewing the evidence in the light most favorable to the government and making all reasonable inferences and credibility choices in favor of the jury verdict . . . the Government proved by a preponderance of the evidence' that the offense took place within the trial district."  *United States v. Burroughs*, 830 F.2d 1574, 1580 (11th Cir. 1987) (internal quotation marks omitted).

**Motion for Acquittal.**  A court must "affirm a conviction unless there is no reasonable construction of the evidence from which the jury could have found the defendants guilty beyond a reasonable doubt."  *United States v. Joseph*, 709 F.3d 1082, 1093 (11th Cir. 2013).  The court must review the evidence "in the light most favorable to the prosecution and draw all reasonable inferences and credibility choices in favor of the jury verdict."  *Id.*

---

The email address elaineescoe20@gmail.com is registered to the Defendant.  Gov. Ex. 12.  The recovery phone number is the Defendant's.  Gov. Ex. 12; Gov. Ex. 21.  The recovery email address is elaineesoe20@yahoo.com.  Gov. Ex. 12.

**Motion for New Trial.** A court must not order a new trial unless "the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985). Doing so is "exceptional." *Id.*

<u>**ARGUMENT**</u>

## I.      VENUE

The Defendant argues the Government did not prove that any part of the crime happened in the Southern District of Florida. Motion at 3. The evidence shows otherwise. The jury found the Defendant guilty of participating in a scheme to defraud Bluevine. Her credit card statements show she was in Miami, Florida when the application was submitted. The Defendant scanned the articles of amendment in Miami, Florida and accessed the Bluevine application from Miami, Florida. The Defendant argues that these are innocent acts. They are not. They are overt acts in furtherance of the Defendant's scheme. From Miami, Florida, the Defendant took over RBA Global, caused the submission of the fraudulent application, and accessed the Bluevine account. The acts in furtherance of this scheme happened in the Southern District of Florida and nowhere else.

## II.      SUFFICIENCY OF THE EVIDENCE

The Defendant argues that the Government did not prove the elements of the crime. She looks for "direct evidence." Motion at 5. But fraud is often proven by circumstantial evidence. *See, e.g.*, *United States v. Martin*, 803 F.3d 581, 588 (11th Cir. 2015) (Wire fraud . . . can be proved by circumstantial evidence.") (internal quotations marks omitted). The circumstantial proof in this case is overwhelming. The Defendant took over RBA Global LLC in her own hand. The fraudulent bank statements were the Defendant's own and she continued to use the account. The Bluevine application was accessed by the Defendant. The application included the Defendant's

personal information, her phone number, and her email address. The Defendant had motive. She needed money. She was taking out other credit lines and paying for debt relief. An Indian hacker or rogue Bluevine employee did not commit this fraud. The Defendant did.

## III.    INTERESTS OF JUSTICE

The Defendant argues that justice requires a new trial. She questions whether the jury can make "inferences." Motion at 8. It can, because it was instructed to. *See* ECF No. 44 ("In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions."). The conclusion the jury reached was that the Defendant committed fraud. This conclusion was not "uncorroborated." Motion at 8. The evidence backs it up: the Defendant took over RBA Global; the Defendant's own bank statements were used in the application; and the Defendant accessed the Bluevine application mere days after it was submitted. These acts are circumstantial evidence of the Defendant's fraud and show that it was the Defendant who transmitted or caused to be transmitted the fraudulent application. It is meaningless that the IP address responsible for the transmission was registered to India in 2024. The Defendant's and the Government's witnesses testified that the IP address could have been accessed from Miami. There was no hacker. There was no rogue employee. And there was no reasonable doubt.

## CONCLUSION

The Defendant's Renewed Motion for a Judgment of Acquittal And/Or New Trial [ECF No. 55] should be denied.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY:    /s/ Jonathan Bailyn

-6-

Jonathan R. Bailyn, AUSA
Court ID No. A5502602
500 South Australian Ave, 4th Floor
West Palm Beach, Florida 33401
Phone: (561) 209-1050
jonathan.bailyn@usdoj.gov