**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-80010-CR-DAMIAN**

**UNITED STATES OF AMERICA**,

v.

**ELAINE ESCOE**,

Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION**
**FOR JUDGMENT OF ACQUITTAL AND/OR FOR NEW TRIAL [ECF NO. 55]**

**THIS CAUSE** is before the Court on Defendant, Elaine Escoe's ("Defendant" or "Escoe"), Motion for Judgment of Acquittal and/or New Trial [ECF No. 55 (the "Motion")], filed June 5, 2024.

THE COURT has reviewed the Motion, the Response thereto [ECF No. 56], the pertinent portions of the record, and relevant authorities and is otherwise fully advised. The undersigned also presided over the trial of this matter.

## I.   BACKGROUND

On January 18, 2024, a Grand Jury in the Southern District of Florida returned an indictment charging Escoe with wire fraud in violation of 18 U.S.C. § 1343. [ECF No. 1 ("Indictment")]. The alleged scheme involved the submission of an electronic application for a $50,000 business line of credit to Bluevine, a financial technology company, on behalf of a business entity, RBA Global. *Id*. The Indictment alleges that Escoe submitted forged and altered bank statements purporting to demonstrate that RBA Global had an annual revenue of $780,000. *Id*.

Before trial, Defendant filed a motion *in limine* seeking to exclude evidence of conduct occurring after the date of the charged offense in the case. [ECF No. 23]. The Government responded and the Court heard argument and took the issue under advisement pending introduction of the evidence at trial. *See* ECF Nos. 24, 28.

The Court conducted a jury trial in this case from May 20, 2024, through May 22, 2024. *See* ECF Nos. 41–43. During trial, Defendant made an oral motion for judgment of acquittal, which this Court denied on the record. On May 22, 2024, the jury convicted Escoe of the sole count in the Indictment. *See* ECF No. 46. Escoe now moves for a new trial and, alternatively, for judgment of acquittal pursuant to Federal Rules of Criminal Procedure 29 and 33. [ECF No. 55]. The Motion is fully briefed and is now ripe for review.

## II.    LEGAL STANDARD

### A.  Motion For Judgment Of Acquittal.

When considering a motion for judgment of acquittal, the court examines the evidence in the light most favorable to the Government to determine if it sufficiently supports a jury verdict that the defendant was guilty beyond a reasonable doubt. *United States v. Williams*, 390 F.3d 1319, 1323 (11th Cir. 2004). "All credibility choices must be made in support of the jury's verdict." *Id.* (citations omitted). The evidence does not have to "exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *Id.* at 1323–24 (quoting *United States v. Young*, 906 F.2d 615, 618 (11th Cir. 1990)). "'The test for sufficiency of the evidence is identical, regardless of whether the evidence is direct or circumstantial,' but if the government relied on circumstantial evidence, 'reasonable inferences, not mere speculation, must support the conviction.'" *United States v.*

*Martin*, 803 F.3d 581, 587 (11th Cir. 2015). (citation and alterations omitted); *United States v. Clay*, 832 F.3d 1259, 1293 (11th Cir. 2016).

### B. Motion For New Trial.

Under Federal Rule of Criminal Procedure 33, the court is empowered to grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Outside the context of claimed newly discovered evidence, this standard is broad, and the decision to grant a new trial is within the sound discretion of the trial court. *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985). "If the court concludes that . . . the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Id*. (internal quotation marks omitted) (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). The court may follow this course even if the evidence is legally sufficient to sustain the verdict. *Id*. Similarly, the trial court may grant a motion for new trial even where the defect does not constitute reversible error, or even legal error at all. *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994).

However, "[m]otions for new trial are disfavored," and the Eleventh Circuit has "directed that district courts grant them only in those really exceptional cases, when [t]he evidence . . . preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Lopez*, 562 F. App'x 891, 898 (11th Cir. 2014) (internal quotation marks and citations omitted) (second and third alteration in original).

### III.    ANALYSIS

In the Motion, Escoe seeks relief on three bases: (1) failure to demonstrate venue is proper in this District; (2) judgment of acquittal based on insufficient evidence that Escoe committed wire fraud; (3) new trial based on weight of evidence against jury's verdict.

#### A. Venue

Escoe argues the Government failed to provide any evidence that any overt acts in furtherance of the alleged scheme to defraud occurred in the Southern District of Florida.

The Eleventh Circuit applies the following test in determining whether venue is proper: "whether, viewing the evidence in the light most favorable to the government and making all reasonable inferences and credibility choices in favor of the jury verdict . . . the Government proved by a preponderance of the evidence" that the crimes occurred in the district in which the defendant was prosecuted. *United States v. Breitweiser,* 357 F.3d 1249, 1253 (11th Cir. 2004) (quoting *United States v. Males,* 715 F.2d 568, 569 (11th Cir. 1983), and *United States v. White,* 611 F.2d 531, 535 (5th Cir. 1980)). The "'locus delicti [of a crime] must be determined from the nature of the crime alleged and the location of the act or acts constituting it.'" *Id.* (quoting *United States v. Rodriguez–Moreno,* 526 U.S. 275, 279–80, (1999), and *United States v. Cabrales,* 524 U.S. 1, 6–7 (1998)).

"[W]ire fraud [is] a 'continuing offense,' as defined in 18 U.S.C. § 3237(a), [and is] properly tried in any district where a . . . wire communication was transmitted in furtherance of [the] fraud scheme." *United States v. Ebersole,* 411 F.3d 517, 527 (4th Cir. 2005) (quoting *United States v. Kim,* 246 F.3d 186, 191 (2d Cir. 2001)); *see also United States v. McCulley,* 673 F.2d 346, 350 (11th Cir. 1982) (noting crimes involving transportation are "continuing offenses" under § 3237(a) and to establish venue in those cases the government need only

show that the crime took place on a form of transportation in interstate commerce); 18 U.S.C. § 3237(a) ("Any offense involving . . . transportation in interstate or foreign commerce . . . is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce . . . moves."). In order to establish proper venue, the government need only present proof sufficient to allow a rational trier of fact to conclude that venue was proper by a preponderance of the evidence. *United States v. Grenoble,* 413 F.3d 569, 573 (6th Cir. 2005).

In its Response to the Motion, the Government submits that it presented sufficient evidence from which the jury could conclude that venue was proper by a preponderance of the evidence. Specifically, the Government points to evidence presented at trial that Escoe's credit card statements show that she was in Miami when the Bluevine application was submitted, as well as evidence that she scanned the articles of amendment for RBA Global in Miami, and that she accessed the Bluevine application from Miami. Response at 4.

This Court agrees that these are overt acts in furtherance of the fraudulent scheme, and, therefore, they are sufficient to establish by a preponderance of the evidence that the alleged crime occurred in the Southern District of Florida for venue purposes.

As a result, this Court rejects Escoe's contention that venue is improper in this District.

**B.  *Request For Judgment Of Acquittal Based On Insufficient Evidence*.**

Escoe argues the United States presented insufficient evidence that she intended to defraud or knowingly participated in a scheme to defraud. Escoe focuses primarily on the lack of direct evidence of Escoe's knowledge of and involvement in the fraudulent scheme. The Government responds that overwhelming circumstantial evidence was presented from which the jury concluded that she was guilty. Response at 4.

5

To obtain a conviction for wire fraud, in violation of 18 U.S.C. § 1343, the government must prove beyond a reasonable doubt that the defendant "(1) participated in a scheme or artifice to defraud; (2) with the intent to defraud; and (3) used, or caused the use of, interstate wire transmissions for the purpose of executing the scheme or artifice to defraud." *United States v. Machado*, 886 F.3d 1070, 108283 (11th Cir. 2018). The Eleventh Circuit has consistently held that wire fraud, "can be proved by circumstantial evidence." *United States v. Robertson,* 493 F.3d 1322, 1331 (11th Cir. 2007); *see also United States v. Martin*, 803 F.3d 581, 588 (11th Cir. 2015). And, "[t]he test for sufficiency of evidence is identical regardless of whether the evidence is direct or circumstantial, and no distinction is to be made between the weight given to either direct or circumstantial evidence." *United States v. Doe,* 661 F.3d 550, 560 (11th Cir. 2011) (quotation omitted).

At trial, the Government offered abundant circumstantial evidence that Escoe knowingly participated in the scheme to defraud, including that she amended the articles of incorporation for RDA Global without permission or any legitimate reason for doing so, that the fraudulent bank statements submitted in support of the loan application were actually her bank statements that had been manipulated to deceive Bluevine, that the loan application included Escoe's personal information, including her phone number and email address, and that Escoe was experiencing financial difficulties at the time the fraud occurred.

Drawing all reasonable inferences in support of the Government's case, this Court finds that the evidence was sufficient to support the jury's verdict that Escoe was guilty beyond a reasonable doubt as to the charges against her. The fact that the evidence was circumstantial does not alter that conclusion, as a wire fraud conviction does not require direct evidence. *See*

*Robertson*, 493 F.3d at 1331. Here, the circumstantial evidence of Escoe's knowledge and involvement in the fraud was abundant.

Therefore, the Motion for Judgment of Acquittal based on insufficient evidence is denied.

### C.  Motion For New Trial Based On The Weight Of The Evidence

Finally, Escoe argues that the Court should grant a new trial because the weight of the evidence points to reasonable doubt. Again, Escoe insists the circumstantial evidence of her guilt was insufficient. The question for the Court is whether the evidence "preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Hernandez,* 433 F.3d 1328, 1333 (11th Cir. 2005) (quotation omitted). "The ultimate decision of whether to grant a new trial motion falls 'within the sound discretion of the trial court.'" *United States v. Albury*, 782 F.3d 1285, 1295 (11th Cir. 2015) (quoting *United States v. Vicaria,* 12 F.3d 195, 198 (11th Cir. 1994)

This Court has already rejected Escoe's arguments regarding insufficient evidence in the context of her Motion for Judgment of Acquittal. This Court likewise rejects her argument that the weight of the Government's evidence was so lacking that it would be a miscarriage of justice to let the verdict stand. To the contrary, as indicated above, the circumstantial evidence of her guilt was abundant, and any inferences drawn from that evidence were entirely reasonable. Unlike the *United States v. Simms*, 508 F. Supp. 1188 (W.D. La. 1980) case relied on by Escoe, this case did not involve a stacking of inferences but, instead, involved a verdict amply supported by evidence of guilt. In sum, Escoe has not demonstrated that the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to let the verdict stand.

Accordingly, the Motion for New Trial is also denied.

## IV.    CONCLUSION

In the Motion, Escoe seeks a new trial or entry of a judgment of acquittal. For the reasons set forth here, the Court finds that the arguments presented in Escoe's Motion are without merit and do not warrant the requested relief. Thus, the Court concludes that the Motion is due to be denied. Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion for Judgment of Acquittal and/or New Trial [**ECF No. 55**] is **DENIED**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 22nd day of August, 2024.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**